This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38273**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ELADIO LONGORIA-ARROYO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Jarod K. Hofacket, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his convictions for driving while intoxicated (DWI) and related offenses. We issued an amended calendar notice proposing to affirm. Defendant has filed a memorandum in opposition. We affirm.

**{2}** Defendant's sole issue in this appeal challenges the sufficiency of the evidence to support his convictions. [DS 1; MIO 3] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that

each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citation omitted).

**{3}** Defendant was convicted of DWI, open container, and driving on a revoked license. [*See* Jury Instructions, RP 94-100] With respect to DWI, Defendant was driving, admitted to consuming alcohol, smelled of alcohol, performed poorly on the field sobriety tests, and had a BAC above .08. [DS 1-2; MIO 1-2] This was sufficient to support the DWI conviction. *See, e.g.*, *State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction where officers observed the defendant driving, where the defendant admitted to drinking, and where the defendant had bloodshot watery eyes, smelled of alcohol, and slurred speech), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 142 N.M. 32, 275 P.3d 110.; *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving while intoxicated).

**{4}** With respect to open container, Defendant claims that there was insufficient evidence to show that he knowingly drank alcohol while driving in the vehicle. [MIO 4] However, the officer testified that he saw two cans of beer on the floorboard of the vehicle, and at least one can was open. [MIO 5] Defendant was the only individual in the front seat at the time of the stop. [MIO 2] In light of the constructive possession of the open container, Defendant's admission to drinking, and the alcohol emitting from his breath, the jury could reasonably conclude that Defendant had consumed the alcohol while in the vehicle.

**{5}** Defendant also claims that both the DWI and open container convictions should be reversed because the State did not show that he acted without duress. [MIO 6] Defendant's duress defense was based on his testimony that his brother, who was initially driving, had a seizure, so Defendant placed his brother in the backseat and he was forced to take over as driver. [MIO 2] The officer testified that Defendant never stated that he was taking his brother to the hospital, or that there was any kind of emergency. [MIO 1-2] The jury was therefore free to reject the claim that there was any medically-based duress in this case. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to reject a defendant's version of events).

**{6}** Finally, there was evidence that Defendant's license was revoked at the time of the stop [DS 2], and Defendant's reliance on a duress argument [MIO 9] lacks merit for the reasons explained above.

**{7}** For these reasons, we affirm.

**{8}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**